Lizzie M. Van Brunt, Respondent, *v.* Kate V. Calder
Appellant.

Contract — Action for Compensation for Use of Premises Inter-
mediate their Sale and Reconveyance. Where, upon the trial of an
action to recover compensation for the occupancy of premises, it appears
that the defendant purchased them under an oral agreement made by the
husbands of the respective parties that she might change her mind and
have the right to elect that it should not be considered a purchase at all,
in which event all that the property cost her should be restored; that she
did change her mind and the money she put into it was refunded or
allowed to her; that part of the agreement was that in case the vendor
was required to take the property back he should be at liberty to charge
a specified rate per month during defendant's occupation, which part she
repudiated upon the ground that her husband had no power to bind her
to pay anything therefor, and the question whether she authorized or
ratified her husband's promise to pay was submitted to the jury, a verdict
for the plaintiff for the amount found due for compensation during the
period of occupation cannot be disturbed on appeal.
*Van Brunt* v. *Calder*, 48 App. Div. 525, affirmed.

(Submitted May 23, 1901; decided June 11, 1901.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 10, 1900, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Harcourt Bull* for appellant. The plaintiff failed to prove
the cause of action set forth in her complaint. (*Southwick* v.
*F. Nat. Bank*, 84 N. Y. 420; *McLewee* v. *Hall*, 103 N. Y.
639; *Truesdell* v. *Sarles*, 104 N. Y. 164; *Romeyn* v. *Sickles*,
108 N. Y. 650; *Fox* v. *Davidson*, 36 App. Div. 159; *San-
ford* v. *A. D. Tel. Co.*, 13 Misc. Rep. 88.)

*Wayland E. Benjamin* for respondent. The plaintiff's
proof supported the substantial cause of action alleged in the

complaint. (*Walsh* v. *R. F. Ins. Co.*, 13 Abb. Pr. 33; *Moore* v. *Cable*, 1 Johns. Ch. 385; *Van Buren* v. *Olmstead*, 5 Paige, 9.)

O'BRIEN, J. This was an action at law by the plaintiff as assignee of her husband to recover rent of certain premises in the city of New York occupied by the defendant and her husband for sixteen months from May, 1890, at the rate of $75 per month. The transaction out of which the claim arises is somewhat peculiar and took place largely if not entirely between the husband of the plaintiff and the husband of the defendant. There is little if any dispute with respect to the nature and character of the transaction between the two husbands. On the 2d day of June, 1890, the plaintiff joined with her husband, who then owned the premises in question, in a deed to the defendant. The property was a dwelling house, and the defendant and her husband were at the time of this conveyance in possession of the same. The families had been upon intimate social relations for some time and it is evident that each had entire confidence in the other. The consideration for the conveyance was furnished by the defendant and paid through her husband. It is practically conceded that at the time of the execution and delivery of the deed the parties to it had an oral agreement or understanding between themselves that should the defendant become for any reason dissatisfied with the purchase of the property the grantor would accept a conveyance back to him and refund the purchase money and any sums paid by the defendant for taxes, incumbrances or repairs. The plaintiff and her husband, who was the party who made the arrangement, claim that it was also a part of this oral agreement that in case the defendant required him to take the property back that then he was at liberty to charge her rent during the period of occupation at the rate above mentioned, and the defendant on her part agreed to pay the same. That this oral arrangement was actually made between the two husbands who transacted the business is beyond question. The controversy was whether

the defendant's husband in making this promise bound her or only himself.

The deed of the property ran to the defendant and she paid the consideration and with her husband took possession. Subsequently she became dissatisfied with the house or with the purchase and through her husband called upon the vendor, the plaintiff's husband, to take the property back, and he complied with that request, or at least procured a purchaser at his own expense, to whom the defendant conveyed, and she received the purchase money that she had paid with her disbursements, all of which was restored to her, and thus the oral agreement referred to was carried out and executed by the vendor, but the defendant did not pay the rent during the period that she was in possession under the deed and hence this action. The court submitted to the jury the question whether the defendant had authorized or ratified her husband's promise to pay rent in case the sale was for any reason unsatisfactory to her and the property was reconveyed or in case she was otherwise permitted to rescind the sale under the deed, and a verdict was found for the plaintiff for the amount found due for rent during the period of occupation by the defendant and her husband and the judgment entered on the verdict was unanimously affirmed on appeal. All the questions of fact involved in the case have, therefore, been conclusively determined in favor of the plaintiff, and none of them are open to review here.

It is not material to determine whether the action was one at common law to recover rent in the technical sense or for use and occupation under the peculiar facts narrated. The parties had a full accounting before the jury in regard to the whole transaction, including taxes, repairs, payments on incumbrances and every other thing bearing on the merits of the controversy, and the plaintiff succeeded in recovering only a part of her claim. If it were necessary to look into the evidence it is not difficult to see that no injustice has been done to the defendant. She was present when the oral agreement was made between the two husbands, or at least it was sub-

stantially rehearsed in her presence. She was undoubtedly the principal in the transaction, and her husband acted and spoke in her behalf and with her authority, express or implied. When the transaction is stripped of all disguises in which it is involved by a mass of testimony, most of which is immaterial or contradictory, two facts stand out in bold relief: (1) The defendant, through her husband, purchased a house which was conveyed to her under an oral agreement that she might change her mind and have the right to elect that it should not be considered a purchase at all, in which event all that it had cost her should be restored. (2) She did change her mind and the property was taken off her hands and the money that she put into it refunded to her or allowed on the accounting.

Whether that oral agreement was valid or void is of no consequence since it was executed. If any one could raise that objection it was the vendor, the plaintiff's husband. The deed was absolute on its face, and possibly he could have objected to have his bargain affected by any contemporaneous oral agreement which of course varied the transaction as evidenced by the deed. The defendant cannot complain because the vendor permitted her to change her mind and retreat from a transaction which upon the face of the deed was an absolute purchase by her of real property. Her attitude before the jury was that although she received the benefit of the oral agreement in the rescission of the sale as evidenced by the deed and the restoration to her of all the money she had paid or expended, her husband had no power to make it so far as to bind her to pay anything for the rent or use of the property during the sixteen months of occupation. This was not a strong position, and it is not surprising that the jury took the view of the case that they did. The oral and documentary proof taken with all the circumstances and the nature of the transaction itself justified the verdict.

The case contains numerous exceptions to the admission or exclusion of evidence during the progress of the trial and to the charge and the refusal of the court to charge certain

requests presented by the defendant's counsel. It is quite unnecessary to discuss them, and it would be impossible even to state them without extending the review beyond all reasonable limits. Many of these exceptions are based upon the form of the action which is assumed to be the ordinary action for rent where the conventional relation of landlord and tenant exists, but an inspection of the pleadings will show that the action was based upon the peculiar facts of the case which have been already sufficiently referred to and were stated in such form as to permit an examination of the whole transaction. It is quite sufficient to say that these exceptions have been examined and no material legal error is found that could have affected the defendant's rights or prejudiced her defense. The points raised and argued in support of the appeal are all either inapplicable to the case or incorrect as purely legal propositions and so the judgment must be affirmed, with costs.

PARKER, Ch. J., GRAY, MARTIN, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.